UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HUGO YOVANY SUNUC-CATU, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Civil Action No. 3:26-CV-2129-X-BK |
| | § | |
| WARDEN, PRAIRIELAND DETENTION CENTER, | § | |
| | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Hugo Yovany Sunuc-Catu filed a petition for a writ of habeas corpus under 28 U.S.C. section 2241 challenging his detention pending removal proceedings.[1] For the following reasons, the Court **DENIES** Sunuc-Catu's habeas petition.[2]

## I. Background

Sunuc-Catu, a native and citizen of Guatemala, entered the United States without admission or parole.[3] In 2026, the United States charged him with being inadmissible under 8 U.S.C. section 1182(a)(6)(A)(i) and placed him into removal

[1] Doc. 1.

[2] The parties have not informed the Court that Petitioner became subject to a final order of removal after this lawsuit was filed, nor that Petitioner has been removed or otherwise released. If any of those circumstances occurred, the Court denies the petition as moot. *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988) (holding that a habeas petition becomes moot when the habeas relief requested can no longer be effected).

[3] Docs. 1 at 1–2; 7 at 1.

proceedings.[4] In March 2026, Immigration and Customs Enforcement (ICE) detained Sunuc-Catu under 8 U.S.C. section 1225(b)(2)(A) as part of his removal proceedings.[5]

On August 31, 2026, Sunuc-Catu filed a petition for a writ of habeas corpus under 28 U.S.C. section 2241.[6] He argues that his confinement under section 1225(b)(2)(A) without a bond hearing violates the Immigration and Nationality Act (INA) and the Fifth Amendment's Due Process Clause.[7] He also argues that his detention violates the Fourth Amendment, agency regulations, and the Administrative Procedure Act (APA).[8] Respondents—the Warden of the Prairieland Detention Center and other federal officials—argue that Sunuc-Catu is properly detained without a bond hearing under section 1225(b)(2)(A) and that this detention does not violate the Due Process Clause, Fourth Amendment, agency regulations, or the APA.[9]

## II. Legal Standard

To be entitled to a writ of habeas corpus under 28 U.S.C. section 2241, a petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."[10] The great writ is reserved for fundamental defects resulting in a complete miscarriage of justice or wholly inconsistent with the demands

---

[4] Docs. 1 at 5; 7 at 1.

[5] Docs. 1 at 5–6; 7 at 1.

[6] Doc. 1.

[7] Doc. 1 at 9–16.

[8] Doc. 1 at 16–28.

[9] Doc. 7 at 3–6.

[10] 28 U.S.C. § 2241(c)(3).

of fair procedure.[11] This exceptional relief "is the precious safeguard of personal liberty and there is no higher duty than to maintain it unimpaired."[12] Sunuc-Catu has the burden to demonstrate that a constitutional violation has occurred.[13]

## III. Analysis

Sunuc-Catu claims his detention violates 8 U.S.C. section 1225(b)(2)(A) and the Fifth Amendment's Due Process Clause.[14] Binding Fifth Circuit precedent forecloses both claims. The Court is not persuaded by Sunuc-Catu's alternative arguments under the Fourth Amendment, agency regulation, and APA.

### A. Section 1225 and Due Process

Sunuc-Catu fails to show that his detention under section 1225(b)(2)(A) is unlawful. He is an applicant for admission under section 1225(a)(1) because he is "[a]n alien present in the United States who has not been admitted or who arrives in the United States."[15] Accordingly, the INA requires the government to detain him without bond pending the conclusion of his removal proceedings.[16] Sunuc-Catu's INA claim therefore fails.

---

[11] *See Hill v. United States*, 368 U.S. 424, 428 (1962).

[12] *Bowen v. Johnston*, 306 U.S. 19, 26 (1939).

[13] *Lockett v. Anderson*, 230 F.3d 695, 707 (5th Cir. 2000).

[14] Doc. 1 at 9–16.

[15] 8 U.S.C. § 1225(a)(1). Petitioner argues that he falls under 8 U.S.C. § 1226(a), not § 1225(b), because he was not detained "at or near the threshold of entry." Doc. 1 at 26. Yet Sunuc-Catu recognizes that the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), forecloses this argument. Doc. 1 at 27–28; *Buenrostro-Mendez*, 166 F.4th at 599 (holding that "an alien's status as an applicant for admission does not turn on where or how the alien entered the United States."). The Court applies *Buenrostro-Mendez*'s holding and treats Sunuc-Catu as an applicant for admission under section 1225.

[16] *Id.* § 1225(b)(2)(A); *Buenrostro-Mendez*, 166 F.4th at 502 (holding section 1225(b)(2)(A) "unambiguously provides for mandatory detention").

Sunuc-Catu's Due Process Clause claim fails as well. The Fifth Circuit recently issued its en banc opinion in *Rodriguez v. Vergara*, holding that detention without a bond hearing under section 1225(b)(2)(A) does not violate procedural or substantive due process, "[s]o long as an alien's detention pending removal has a definite termination point—removal or release."[17] Accordingly, Sunuc-Catu's Due Process Clause claim also fails.

### B. Fourth Amendment, Agency Regulation, and APA Claims

Sunuc-Catu's remaining arguments are likewise unavailing. Sunuc-Catu argues that his arrest violated the Fourth Amendment. But a habeas petition "is not an appropriate remedy for a warrantless arrest."[18] That's because habeas is "a means to secure *release* from unlawful detention."[19] A habeas petition's "sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose."[20] Sunuc-Catu's continued detention is not unlawful—section 1225 authorizes it, and section 1225 does not violate the Due Process Clause.[21] And the typical remedies for a Fourth Amendment violation are suppressing evidence or

---

[17] __ F.4th __, No. 26-50183, 2026 WL 3181188, at *13–14, (5th Cir. Oct. 23, 2026) (en banc) (cleaned up).

[18] *Atehortua Ortiz v. Warden, Eden Det. Ctr.*, No. 6:26-CV-0045-H, 2026 WL 2295760, at *2 (N.D. Tex. July 20, 2026) (Hendrix, J.); *see also Kanda v. Cole*, 830 F. Supp. 3d 659, 665–66 (S.D. Tex. 2026) (rejecting immigration detainee's Fourth Amendment claims brought in a habeas petition).

[19] *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) (emphasis in original).

[20] *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976).

[21] *Buenrostro-Mendez*, 166 F.4th at 502 (holding section 1225(b)(2)(A) "unambiguously provides for mandatory detention"); *Rodriguez*, 2026 WL 3181188, at *13–14.

awarding money damages.[22] Sunuc-Catu seeks another remedy entirely: release from custody. Yet he provides no authority to support this habeas remedy under the Fourth Amendment. Sunuc-Catu's Fourth Amendment argument therefore fails.

Sunuc-Catu also argues his detention violates agency regulations and the APA.[23] Sunuc-Catu's agency regulation violation argument relies on *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 266–68 (1954). Another court in this district has already considered and rejected that theory:

> [Petitioner's] *Accardi* claim is inapposite in a petition for habeas relief. Writs of habeas corpus are available to correct the denial of fundamental constitutional rights, but they may not be used to correct mere irregularities or errors of law. The Fifth Circuit has confirmed in other contexts that the failure of officials to follow their own policies, without more, does not constitute a violation of due process, making a writ of habeas corpus generally not available.[24]

Moreover, when an alien "is subject to mandatory detention as a matter of binding Fifth Circuit precedent, nothing about the purported regulatory violation calls into question the validity of her confinement."[25] Therefore, Sunuc-Catu's *Accardi* claim fails. His APA claim fares no better because the APA only applies where "there is no other adequate remedy in a court."[26] By bringing a habeas petition, Sunuc-Catu implicitly admits that there is an adequate remedy other than the APA.[27] If that

---

[22] *See United States v. Mendez*, 885 F.3d 899, 909 (5th Cir. 2018) (explaining the exclusionary rule); *Martinez-Aguero v. Gonzalez*, 459 F.3d 618, 625 (5th Cir. 2006) (allowing an alien's Fourth Amendment *Bivens* claim for unlawful arrest to move forward).

[23] Doc. 1 at 16–28.

[24] *Chi v. Warden*, No. 1:26-CV-67-H, 2026 WL 1062625, at *6 (N.D. Tex. Apr. 13, 2026) (Hendrix, J.) (cleaned up).

[25] *Id.* (cleaned up).

[26] *See* 5 U.S.C. § 704.

[27] *See Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747, 760 (N.D. Tex. 2026) (Hendrix, J.).

were not enough, the Supreme Court has indicated that an alien detainee's claims that "necessarily imply the invalidity of their confinement" must be brought in habeas.[28] Sunuc-Catu's APA claims thus fail as well.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Petitioner Sunuc-Catu's habeas petition. A separate judgment will issue.

**IT IS SO ORDERED** this 16th day of November, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

[28] *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (cleaned up); *accord P.B. v. Bergami*, No. 3:25-CV-2978-O, 2025 WL 3632752, at *9 (N.D. Tex. Dec. 13, 2025) (O'Connor, C.J.) (denying APA claims brought in a habeas petition by an alien detained under section 1225).